IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **UNITED STATES OF AMERICA**, for the Use and Benefit of **CASSIDY PAINTING, INC.**, a Delaware corporation, and **CASSIDY PAINTING**, a Delaware Corporation<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>**CHUGACH SUPPORT SERVICES, INC.**, an Alaska corporation, **SAFECO INSURANCE COMPANY OF AMERICA**, a Washington corporation, and **MPI MECHANICAL, INC.**<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　C.A. NO.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## Parties

1. Plaintiffs are the United States of America for the use and benefit of Cassidy Painting, Inc. ("Plaintiff"), a Delaware corporation with its principal place of business at 102 Cassidy Drive, Newport, DE 19804 and Cassidy Painting, Inc., in its individual capacity ("Cassidy").

2. Upon information and belief, Defendant, Chugach Support Services, Inc. ("Chugach"), is an Alaskan corporation, registered with the Secretary of State of the State of Delaware to do business in the State of Delaware and is doing business in Delaware.

3. Upon information and belief, Defendant, Safeco Insurance Company of America ("Safeco"), is a Washington corporation.

4. Defendant, MPI Mechanical, Inc. ("MPI"), is a Delaware corporation which can be served through its registered agent located at 11 McMillan Way, Newark, DE 19713.

## Jurisdiction

5.  This Court has jurisdiction over this matter pursuant to the Miller Act, 40 U.S.C. §3133 *et. seq.*, in that Plaintiff's claims are for payment under a bond issued under the Act. The Court has jurisdiction over the State and common law claims asserted in Counts I through IV pursuant to the doctrine of pendant jurisdiction.

6.  Venue is appropriate in this District because the construction contract, which the Miller Act bond secured, was executed and to be performed at the Dover Air Force Base ("DAFB") located in Dover, Delaware which resides in this District.

## Facts

7.  On or about February 21, 2003, Chugach was awarded Contract Number F07603-D0002 (the "Contract") from the United States Air Force, 436th Contracting Squadron, for indefinite delivery, indefinite quantity construction, alteration or repair of public buildings or public works at the DAFB. The contract included Building 1344 ("Dog Kennel").

8.  Chugach was the prime contractor for the Contract.

9.  Chugach, pursuant to the Contract and/or 40 U.S.C. § 3131 *et seq.* provided the United States of America with a payment bond ("Bond") to secure payment to subcontractors such as Cassidy.

10. The Bond was executed by Chugach and Safeco. A copy of the Bond is attached hereto as Exhibit A and incorporated herein by referenced as if fully set forth. Safeco is the surety of said Bond.

11. Chugach, in the performance of the Contract, entered into a Master Subcontract Agreement ("MSA") with MPI for the performance of, among other things, painting and floor coating of the Dog Kennel.

12. On February 25, 2004, MPI entered into an Intermediate Subcontract Agreement ("Intermediate Subcontract") with Cassidy to paint the interior of the Dog Kennel and install an epoxy floor as required by the Contract and MSA. A Copy of the Statement of Acknowledgment of the Intermediate Subcontract is attached hereto as Exhibit B. The original price of the Intermediate Subcontract was $26,000.

13. The Intermediate Subcontract was later supplemented by the parties by requests from Chugach and/or MPI that Cassidy, among other things, install an upgraded Neogard Quartz Broadcast Flooring System. This work was beyond the original scope of the Intermediate Subcontract. The cost of the additional work increased the value of the Intermediate Subcontract to $50,282.01. The Change Orders evidencing the work are attached hereto as Exhibit C.

14. Cassidy completed all of the work required under the Intermediate Subcontract, as supplemented by the parties, in a good and workmanlike manner on or about June 17, 2005.

15. Upon completing various work under the Intermediate Subcontract, Cassidy issued invoices to MPI for payment. Despite repeated requests, MPI has failed to pay Cassidy twenty-eight thousand seven hundred eighty-three dollars and eighty-seven cents ($28,783.87) for work and materials supplied to the Dog Kennel under the Intermediate Subcontract.

### Count I
### Action on the Bond

16. The allegations in paragraph 1 through 15 are incorporated herein by reference as if fully set forth.

17. As a consequence of being the surety of the Bond, Safeco has the obligation and legal duty under the Contract to pay valid claims, like those claimed by Cassidy.

18. Pursuant to the terms of the payment bond and 40 U.S.C. §270 *et. seq.*, Safeco is indebted to Cassidy in the sum of twenty-eight thousand seven hundred eighty-three dollars and eighty-seven cents ($28,783.87).

## Count II
## Breach of Contract By Safeco

19. The allegations in paragraph 1 through 18 are incorporated herein by reference as if fully set forth.

20. Cassidy as a subcontractor is an intended third-party beneficiary of the Bond under the Contract.

21. Safeco has the obligation and legal duty under the Contract to pay valid claims of subcontractors which Chugach fails to pay.

22. Chugach has failed to pay Cassidy the sum of twenty-eight thousand seven hundred eighty-three dollars and eighty-seven cents ($28,783.87) validly due under the Intermediate Subcontract.

23. Cassidy provided notice of MPI's and Chugach's default in payment under the Intermediate Subcontract to Safeco. A copy of the notice is attached hereto as Exhibit C.

24. Safeco was obligated to make payment to Cassidy pursuant to the terms of the Bond.

25. Safeco has refused to make payment to Cassidy. A copy of the letter from Safeco is attached hereto as Exhibit D.

26. Safeco's failure to make payment to Cassidy constitutes a breach of contract for which Cassidy has been directly damaged in the amount of twenty-eight thousand seven hundred eighty-three dollars and eighty-seven cents ($28,783.87).

27. Safeco is indebted to Cassidy in the amount of twenty-eight thousand seven hundred eighty-three dollars and eighty-seven cents ($28,783.87).

## Count III
## Breach of Contract By MPI

28. The allegations in paragraph 1 through 27 are incorporated herein by reference as if fully set forth.

29. Cassidy performed all work under the Intermediate Subcontract in a professional and workmanlike manner. Cassidy periodically invoiced MPI for the work.

30. Despite repeated requests, MPI has failed to pay Cassidy the sum of twenty-eight thousand seven hundred eighty-three dollars and eighty-seven cent ($28,783.87).

31. MPI has breached the terms of the Intermediate Subcontract with Cassidy by failing to pay the invoices damaging Cassidy in the sum of twenty-eight thousand seven hundred eighty-three dollars and eighty-seven cents ($28,783.87).

## Count IV
## Breach of Implied Covenant of Good Faith and Fair Dealing By MPI

32. The allegations in paragraph 1 through 31 are incorporated herein by reference as if fully set forth.

33. The Intermediate Subcontract included an implied covenant of good faith and fair dealing.

34. MPI's actions in failing to pay amounts due and owing is a breach of the implied covenant of good faith and fair dealing included in the Intermediate Subcontract.

**WHEREFORE**, Plaintiff demands:

A. A judgment against Safeco requiring it to release the sum of twenty-eight thousand seven hundred eighty-three dollars and eighty-seven cents ($28,783.87) from the Bond in satisfaction of all amounts owed to Cassidy by Chugach and MPI for breach of the Contract, the costs of this action, pre and post judgment interest, reasonable attorneys' fees and such further relief as this Court deems just.

B.  A judgment against Safeco for breach of contract in the amount of twenty-eight thousand seven hundred eighty-three dollars and eighty-seven cents ($28,783.87), the costs of this action, pre and post judgment interest, reasonable attorneys' fees and such further relief as this Court deems just.

C.  A judgment against MPI for breach of contract in the amount of twenty-eight thousand seven hundred eighty-three dollars and eighty-seven cents ($28,783.87), the costs of this action, pre and post judgment interest, reasonable attorneys' fees and such further relief as this Court deems just.

D.  A judgment against MPI for breach of the implied covenant of good faith and fair dealing included in the Intermediate Subcontract in the amount of twenty-eight thousand seven hundred eighty-three dollars and eighty-seven cents ($28,783.87), the costs of this action, pre and post judgment interest, reasonable attorneys' fees and such further relief as this Court deems just.

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Scott G. Wilcox
James D. Heisman (# 2746)
Scott G. Wilcox (# 3882)
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899
(302) 658-9141
*Attorneys for Cassidy Painting, Inc.*

Dated: November 16, 2005