IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA<br>for the Use and Benefit of<br>CASSIDY PAINTING, INC.<br><br>    Plaintiff,<br><br>vs.<br><br>CHUGACH SUPPORT SERVICES, INC., *et al.*<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)   C. A. No. 05-800 (GMS)<br>)<br>)<br>)<br>)<br>) |

**ANSWER AND CROSS-CLAIM OF DEFENDANTS
CHUGACH SUPPORT SERVICES, INC.
AND SAFECO INSURANCE COMPANY OF AMERICA**

Defendants Chugach Support Services, Inc. ("Chugach") and Safeco Insurance Company of America ("Safeco"), by undersigned counsel, as and for their answer, affirmative defenses and cross-claim, state as follows:

1. In response to ¶ 1 of the Complaint, Defendants admit that the United States of America for the use and benefit of Cassidy Painting, Inc. ("Cassidy") is a nominal plaintiff, deny that the United States of America for the use and benefit of Cassidy is a proper plaintiff against Chugach, admit that Cassidy is a plaintiff and as to the remainder of ¶ 1 are without knowledge or information sufficient to form a belief as to the truth of the allegations.

2. Defendants admit ¶ 2 of the Complaint.

3. Defendants admit ¶ 3 of the Complaint.

4. Defendants are wihtout knowledge or information sufficient to form a belief as to the truth of ¶ 4 of the Complaint.

5. In response to ¶ 5 of the Complaint, Defendants admit that the Miller Act, 40 U.S.C. § 270 *et seq.*, provides for federal court jurisdiction in certain circumstances as set forth therein, admit that the Complaint purports to plead a claim under the Miller Act, deny that the Complaint pleads a Miller Act claim against Chugach and deny the remainder of ¶ 5.

6. Defendants deny ¶ 6 of the Complaint.

7. In response to ¶ 7 of the Complaint, Defendants admit that on or about February 21, 2003, Chugach was awarded SABER Contract No. F07603-D0002 (the "SABER Contract") but further responding state that ¶ 7 fails to set forth fully the terms and conditions of the Contract and refer to the Contract for such terms and conditions.

8. Defendants admit ¶ 8 of the Complaint.

9. Defendants admit ¶ 9 of the Complaint except Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation regarding "subcontractors such as Cassidy." Further responding, Defendants deny that Cassidy is entitled to any relief on or under the referenced Bond.

10. In response to ¶ 10 of the Complaint, Defendants admit that they executed and provided a bond in connection with the Contract and refer to the Bond for the terms and conditions thereof.

11. Defendants admit ¶ 11 of the Complaint, except Defendants deny that Chugach entered into the MSA "for the performance of ... the Dog Kennel" and refer to the MSA for its terms and conditions.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of ¶ 12 of the Complaint.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of ¶ 13 of the Complaint, except that Defendants deny that all "parties" to his suit engaged in the conduct alleged.

14. Defendants deny ¶ 14 of the Complaint.

15. Defendants deny ¶ 15 of the Complaint.

16. In response to ¶ 16 of the Complaint, Defendants reallege and incorporate herein by reference ¶¶ 1-15 above.

17. In response to ¶ 17 of the Complaint, Defendants admit that the Bond carries certain legal obligations and duties but deny that Cassidy has a valid claim and deny that Safeco has any obligation or duty to pay anything to Cassidy.

18. Defendants deny ¶ 18 of the Complaint.

19. In response to ¶ 19 of the Complaint, Defendants reallege and incorporate herein by reference ¶¶ 1-18 above.

20. Defendants deny ¶ 20 of the Complaint.

21. In response to ¶ 21 of the Complaint, Defendants admit that the Bond carries certain legal obligations and duties but deny that Cassidy has a valid claim and deny that Chugach or Safeco has any obligation or duty to pay anything to Cassidy.

22. Defendants deny ¶ 22 of the Complaint.

23. Defendants deny ¶ 23 of the Complaint.

24. Defendants deny ¶ 24 of the Complaint.

25. Defendants deny ¶ 25 of the Complaint.

26. Defendants deny ¶ 26 of the Complaint.

27. Defendants deny ¶ 27 of the Complaint.

28. In response to ¶ 28 of the Complaint, Defendants reallege and incorporate herein by reference ¶¶ 1-27 above.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of ¶ 29 of the Complaint.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of ¶ 30 of the Complaint.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of ¶ 31 of the Complaint.

32. In response to ¶ 32 of the Complaint, Defendants reallege and incorporate herein by reference ¶¶ 1-31 above.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of ¶ 33 of the Complaint.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of ¶ 34 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by waiver and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by Plaintiff's own fault, default, breach of warranty, breach of contract, negligence and/or other acts and omissions.

### FOURTH AFFIRMATIVE DEFENSE

Venue is improper. Proper venue is in the State of Alaska.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to avoid and failed to mitigate damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to pursue and to exhaust required contract and administrative remedies before filing suit.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has no right of action against Chugach under 40 U.S.C. § 270 *et seq.* or otherwise, and Plaintiff may not sue Chugach in an action as United States of America for the Use and Benefit of Cassidy Painting, Inc.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff may not recover against Safeco beyond and except in strict compliance with the terms and conditions, including but not limited to the dollar and liability limitations, of the Bond.

WHEREFORE, Defendants Chugach Support Services, Inc. and Safeco Insurance Company of America respectfully pray that the Court dismiss the Complaint with prejudice, award Defendants their costs and expenses, including attorneys fees, and grant Defendants such other relief as is appropriate.

## CROSS-CLAIM

### Introduction and Jurisdiction

1. Cross-Plaintiffs Chugach Support Services, Inc. ("Chugach") and Safeco Insurance Company of America ("Safeco") bring this Cross-Claim pursuant to Federal Rule of Civil Procedure 13(a).

### Parties and Jurisdiction

2. Cross-Plaintiff Chugach is a corporation formed under the laws of Alaska with its principal place of business in Alaska. Chugach is doing business at Dover Air Force Base, Delaware under the SABER Contract defined below in ¶ 5.

3. Cross-Plaintiff Safeco Insurance Company of America ("Safeco") is a Washington corporation.

4. Cross-Defendant MPI Mechanical, Inc. ("MPI"), on information and belief, is a Delaware corporation.

### Facts

5. On or about February 21, 2003, the United States of America awarded Chugach, and Chugach and the United States of America entered into, Simplified Acquisition of Base Engineering Requirements Contract F07603-03-D-0002 (together with subsequent amendments, the "SABER Contract").

6. The SABER Contract was an indefinite delivery, indefinite quantity (known as "IDIQ") contract for construction, repair and renovation of various facilities at Dover Air Force Base, Delaware ("DAFB"). Under the SABER Contract, the government would award construction projects by delivery orders on an as-needed basis. Chugach, as prime contractor, was required to

furnish all personnel, equipment, tools, materials, supervision and other services necessary to design, manage and accomplish the required work. Fulfillment of each delivery order was, in essence, on a "turn key" basis, in compliance with the SABER Technical Specifications and standard, national building and construction codes.

7. Under the SABER Contract, Chugach and MPI entered into a Master Subcontract Agreement that incorporated, *inter alia*, the terms and conditions of the SABER Contract and various provisions of the Federal Acquisition Regulations (the "FARs").

8. Pursuant to the MSA, Chugach issued to Jersey Shore and Jersey Shore accepted a Delivery Order with Notice to Proceed (the "Delivery Order") for Building 1344 at DAFB known as the "Dog Kennel." Pursuant to the MSA and Delivery Order, MPI was to perform all work referenced in the Delivery Order.

9. On information and belief, MPI entered into a further subcontract with Cassidy Painting, Inc. ("Cassidy"), for the performance of certain work under the Delivery Order that MPI, as subcontractor to Chugach, was obligated to perform.

10. In this suit, Cassidy seeks damages under Safeco, Chugach's surety on the Payment Bond that Chugach provided in connection with the SABER Contract, damages that MPI allegedly owes Cassidy for work that Cassidy performed on the Dog Kennel pursuant to Cassidy's subcontract with MPI.

11. Any failure by MPI to pay Cassidy for work on the Dog Kennel constitutes a breach of the MSA and the Delivery Order by MPI, and any damages award against Chugach and/or Safeco in favor of Cassidy constitute actual damages to Chugach and/or Safeco as a result of MPI's breaches.

12. Pursuant to ¶ 10 of the MSA, MPI was required to submit any claim on its behalf or the behalf of its subcontractors to Chugach within 20 days of the act or occurrence giving rise to the claim, failing which the claim is barred. To the extent, if any, that Chugach and/or Safeco may be liable to Cassidy as MPI's subcontractor, MPI breached ¶ 10 by, *inter alia*, failing to submit the claim in writing within the prescribed time, and MPI is liable to Chugach for any amounts paid due to MPI's breach of ¶ 10 of the MSA.

13. Pursuant to ¶ 12 of the MSA, MPI is required to indemnify, defend and hold harmless Chugach and Safeco from and against, *inter alia*, all claims, liabilities, damages, suits, losses, costs and expenses of any nature whatever, including but not limited to attorney's fees.

WHEREFORE, Cross-Plaintiffs Chugach Support Services, Inc. and Safeco Insurance Company of America respectfully pray for judgment against Cross-Defendant MPI as follows:

1. For breach of contract, the total amount, if any, awarded to and/or recovered by Cassidy against Chugach and/or Safeco, and/or such other amount as may be proved at trial.

2. For pre-judgment and post-judgment interest on the judgment amounts.

3. For all claims, liabilities, damages, suits, losses, costs and expenses of any nature whatever, including but not limited to attorney's fees, regardless of whether or not Cassidy is successful on its complaint.

4. For such other and further relief as may be proper.

Dated: December 13, 2005

BIRCH, HORTON, BITTNER AND CHEROT


/s/ Harvey A. Levin
Harvey A. Levin
1155 Connecticut Avenue, N.W., Suite 1200
Washington, DC 20036
Phone (202) 659-5800
Fax (202) 659-1027
Email: hlevin@dc.bhb.com


and

THE LYONS LAW FIRM


/s/ Edmund Daniel Lyons
Edmund Daniel Lyons (No. 0881)
1526 Gilpin Avenue
P.O. Box 579
Wilmington, DE 19806
Phone (302) 777-5698
Fax (302) 777-5051
Email: elyons@lyonslaw.com


Counsel for Chugach Support Services, Inc. and
Safeco Insurance Company of America

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer and Cross-Claim was served by first class mail, postage prepaid, this 13th day of December 2005 on:

>Scott G. Wilcox, Esquire
>James D. Heisman, Esquire
>Connolly Bove Lodge & Hutz LLP
>The Nemours Building
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, DE 19899
>
>Raymond M. Radulski, Esquire
>1225 N. King Street, Suite 301
>Wilmington, DE 19801-3238


>/s/ Harvey A. Levin

g:\505986\8\hal9348.doc