IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA           :
for the Use and Benefit of         :
CASSIDY PAINTING, INC.             :
                                   :
          Plaintiff,               :
                                   :
          v.                       : C.A. No. 05-800(GMS)
                                   :
CHUGACH SUPPORT SERVICES, INC.,    :
et al.                             :
                                   :
          Defendants.              :

**ANSWER TO COMPLAINT AND ANSWER TO CROSS-CLAIM
OF DEFENDANT MPI MECHANICAL, INC.**

Defendant MPI Mechanical ("MPI"), by undersigned counsel, as and for its answer, affirmative defenses, and answer to cross-claim, state as follows:

1. MPI admits that the United States of America for the use and benefit of Cassidy Painting, Inc. ("Cassidy") is a nominal plaintiff, denies that the United States of America for the use and benefit of Cassidy is a proper plaintiff against MPI, admits that Cassidy is a plaintiff against MPI, admits that Cassidy is a plaintiff, and admits the balance of this averment.

2. Admitted.

3. Admitted.

4. Admitted.

5. In response to Paragraph 5 of the Complaint, MPI admits that the Miller Act, 40 U.S.C. §3133 *et seq.,* provides for federal

court jurisdiction in certain circumstances set forth therein, admits that the Complaint purports to plead a claim under the Miller Act, denies that the Complaint pleads a Miller Act claim against MPI and denies the remainder of Paragraph 5.

6.  Denied.

7.  Admitted.

8.  Admitted.

9.  MPI is without sufficient information to affirm or deny the averments of this Paragraph.

10.  MPI is without sufficient information to affirm or deny the averments of this Paragraph.

11.  Admitted.

12.  Admitted.

13.  Admitted that Cassidy was requested by the Government to install a Neogard System.  By way of further response, Cassidy initially accepted such proposal within the context of the scope of the Intermediate Subcontract, and agreed to install the Neogard System at no additional cost.  The attached documents speak for themselves.  The balance of this averment is denied.

14.  Denied.

15.  Denied that Cassidy completed all of the work under the Intermediate Subcontract.  Admitted that MPI has not paid Cassidy the amount demanded.

16.  In response to Paragraph 16, MPI realleges and incorporates herein by reference to Paragraphs 1-15 above.

17.  MPI is without sufficient information to affirm or deny the averments of this Paragraph.

18.  MPI is without sufficient information to affirm or deny the averments of this Paragraph.

19.  In response to Paragraph 19, MPI realleges and incorporates herein by reference to Paragraphs 1-18 above.

20.  MPI is without sufficient information to affirm or deny the averments of this Paragraph.

21.  MPI is without sufficient information to affirm or deny the averments of this Paragraph.

22.  MPI is without sufficient information to affirm or deny the averments of this Paragraph.

23.  MPI is without sufficient information to affirm or deny the averments of this Paragraph.

24.  MPI is without sufficient information to affirm or deny the averments of this Paragraph.

25.  MPI is without sufficient information to affirm or deny the averments of this Paragraph.

26.  MPI is without sufficient information to affirm or deny the averments of this Paragraph.

27.  MPI is without sufficient information to affirm or deny the averments of this Paragraph.

28.  In response to Paragraph 28 of the Complaint, MPI realleges and incorporates herein by reference to Paragraphs 1-27 above.

29.    Denied that Cassidy performed all work under the Intermediate Subcontract in a professional and workmanlike manner. The balance of this averment is admitted

30.    Admitted.

31.    Denied.

32.    In response to Paragraph 32 of the Complaint, MPI realleges and incorporates herein by reference Paragraphs 1-31 above.

33.    Paragraph 33 of the Complaint states a legal conclusion to which no responsive pleading is required.

34.    Denied.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by waive, estoppel and/or accord and satisfaction.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by Cassidy's own fault, default, breach of warranty, breach of contract, negligence and/or other acts or omissions.

### FOURTH AFFIRMATIVE DEFENSE

Venue is improper.

### FIFTH AFFIRMATIVE DEFENSE

Cassidy has failed to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

Cassidy failed to pursue and exhaust required contract and administrative remedies before filing suit.

## SEVENTH AFFIRMATIVE DEFENSE

Cassidy has no right of action against MPI under 40 U.S.C. § 270 *et seq.* or otherwise, and Cassidy may not sue MPI in an action as United States of America for the Use and Benefit of Cassidy Painting, Inc.

## EIGHTH AFFIRMATIVE DEFENSE

MPI is entitled to a set-off of damages claimed by Cassidy for expenses incurred by MPI to complete work Cassidy was required to perform under the Intermediate Subcontract and which Cassidy failed to perform.

**WHEREFORE,** MPI prays that the Court dismiss the Complaint with prejudice, award MPI its costs, expenses, attorney's fees and grant such other relief as is appropriate.

## ANSWER TO CROSS-CLAIM

1.  This averment states a legal conclusion to which no responsive pleading is required.

2.  Admitted.

3.  MPI is without sufficient information to affirm or deny the averments of this Paragraph.

4.  Admitted.

5.  Admitted.

6.  Admitted.

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.   Admitted.

11.   Denied.

12.   The terms of the MSA speak for themselves.

13.   The terms of the MSA speak for themselves.

### FIRST AFFIRMATIVE DEFENSE

The cross-claim fails to state a claim upon which relief can be granted.

**WHEREFORE,** MPI prays that Chugach take nothing under their cross-claim and that the cross-claim be dismissed.


/s/ Raymond M. Radulski
_____
Raymond M. Radulski, Esquire
Delaware Bar No. 332
Legal Arts Building, Suite 301
1225 North King Street
Wilmington, DE 19801
(302) 658-9388
Attorney for Defendant,
MPI Mechanical, Inc.

Dated: January 31, 2006

<u>**CERTIFICATE OF SERVICE**</u>

This will certify that copies of the foregoing Answer to Complaint and Answer to Cross-Claim of Defendant MPI Mechanical, Inc. were served this day by electronic filing and by first-class mail, postage prepaid, upon the following:

Scott G. Wilcox, Esquire
Connolly Bove Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Harvey A. Levin, Esquire
1155 Connecticut Ave., N.W., Suite 1200
Washington, DE 20036

Edmund Daniel Lyons, Esquire
1526 Gilpin Avenue
P.O. Box 579
Wilmington, DE 19806


/s/ Raymond M. Radulski
_____
Raymond M. Radulski
Attorney for Defendant,
MPI Mechanical, Inc.


Dated: January 31, 2006