## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, for the Use and Benefit of **CASSIDY PAINTING, INC.**, a Delaware corporation, and **CASSIDY PAINTING**, a Delaware Corporation | )<br>)<br>)<br>)<br>)<br>) | |
| Plaintiff, | ) | C.A. NO. 05-800 (GMS) |
| v. | )<br>)<br>) | |
| **CHUGACH SUPPORT SERVICES, INC.**, an Alaska corporation, **SAFECO INSURANCE COMPANY OF AMERICA**, a Washington corporation, and **MPI MECHANICAL, INC.** | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## JOINT STATUS REPORT

In accordance with the Court's Notice of Scheduling Conference dated June 20, 2006 ("Notice") and with Rule 26(f), Fed. R. Civ. P., the parties in the above-captioned matter have conferred by telephone concerning the matters that the Court will take up during the status and scheduling conference that has been set for Friday, June 30, 2006, at 10:00 a.m. The parties, having considered each of the items set forth on the Notice, hereby submit this Joint Status Report as directed by the Court.

1. **Jurisdiction and Service.**  Does the court have subject matter jurisdiction? Are all parties subject to the court's jurisdiction? Do any remain to be served?

**Answer:** Parties agree that the Court has subject matter jurisdiction over all parties and that all parties have been served.

2.  **Substance of the Action.**  What are the factual and legal bases for plaintiff's claims and defendants' defenses?

**Answer:**   Chugach was awarded Contract Number F07603-D0002 (the "Contract") from the United States Air Force, 436th Contracting Squadron, for indefinite delivery, indefinite quantity construction, alteration or repair of public buildings or public works at the DAFB.  The contract included Building 1344 ("Dog Kennel").  Chugach in turn entered into a Master Subcontract Agreement ("MSA") with MPI for the performance of, among other things, painting and floor coating of the Dog Kennel. MPI entered into an Intermediate Subcontract Agreement ("Intermediate Subcontract") with Cassidy to paint the interior of the Dog Kennel and install an epoxy floor as required by the Contract and MSA.  The Intermediate Subcontract was later supplemented by requests from Chugach and/or MPI that Cassidy, among other things, install an upgraded Neogard Quartz Broadcast Flooring System.

Cassidy completed all of the work required under the Intermediate Subcontract, as supplemented by the parties, in a good and workmanlike manner on or about June 17, 2005.  Upon completing various work under the Intermediate Subcontract, Cassidy issued invoices to MPI for payment.  Despite repeated requests, MPI has refused to pay Cassidy $28,783.87 for work and materials supplied as part of the upgraded Neogard Quartz Broadcast Flooring System.

MPI's refusal to pay Cassidy is a breach of the Intermediate Subcontract and a breach of the covenants of good faith and fair dealing. Moreover, pursuant to the Contract and/or 40 U.S.C. § 3131 *et seq.* Chugach was required to provide the United States of America with a payment bond to secure payment to all subcontractors such as Cassidy.  Cassidy is an intended third-party beneficiary of the bond and has the right to the payment it is owed by MPI to be paid from the bond.

Chugach and Safeco America deny liability to Cassidy and have cross claimed against MPI seeking indemnification for any and all costs and expenses incurred in connection with this action or otherwise by reason of MPI's actions or inactions.

MPI asserts that Cassidy failed to perform all work under the Intermediate Subcontract in a professional and workmanlike manner.  MPI asserts further that Cassidy undertook installation of the Neogard System within the context of the scope of the Intermediate Subcontract at no additional cost.  Thereafter, Cassidy submitted the invoices for such work which presently are in dispute.

3.   **Identification of Issues.**  What factual and legal issues are genuinely in dispute?

**Answer:**   Whether Cassidy is entitled to payment of the $28,783.87 for the work and materials supplied to the Dog Kennel under the Intermediate Subcontract as amended.

4.   **Narrowing of Issues.**  Can the issues in litigation be narrowed by agreement or by motions?  Are there dispositive or partially dispositive issues appropriate for decision on motion?

**Answer:**   Yes by agreement.  No dispositive or partially dispositive motions at this time.

5.   **Relief.**  What specific relief does plaintiff seek?  What is the amount of damages sought and generally how is it computed?

**Answer:**   Plaintiff seeks payment of $28,783.87, plus pre and post judgment interest, reasonable attorney's fees, and costs.  Damages are computed based upon the work orders that were issued by Cassidy and agreed upon by MPI.

Chugach and Safeco seeks payment by MPI of all damages awarded against them plus all costs and expenses, including attorney's fees.

6.   **Amendment of Pleadings?**

**Answer:**   None at this time.

7.   **Joinder of Parties?**

**Answer:**   None at this time.

8.   **Discovery.**  Discovery contemplated by each party and the amount of time it may take to complete discovery?  Can discovery be limited?  Are less costly and time-consuming methods available to obtain necessary information?

**Answer:**   Plaintiffs anticipate propounding a limited number of interrogatories and document requests and taking approximately four depositions.  Chugach and Safeco anticipate propounding a relatively small number of interrogatories and document requests but at this time do not foresee the need for depositions other than the depositions that Cassidy and MPI notice, though Chugach and Safeco may take additional depositions, expected to be few, if needed once Chugach and Safeco see who the other parties depose.

       Cassidy believes that discovery can be completed in six (6) months or less. Chugach and Safeco believe that discovery should be completed in less than six (6) months.

       Cassidy has offered for the parties to resolve matters through binding arbitration. Chugach and Safeco want alternative dispute resolution and will consider binding arbitration if MPI is willing to engage in binding arbitration.

       MPI anticipates propounding a small number of interrogatories and document requests, and the need for 2 or 3 depositions. MPI believes discovery can be completed in less than six (6) months. MPI is willing to engage in binding arbitration.

9. **Estimated trial length.** Is it feasible or desirable to bifurcate issues for trial? Is it possible to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence?

**Answer:** As there is really only one issue, bifurcation is unnecessary. Parties can likely stipulate to facts and evidence. However, a decision can only be made after discovery.

10. **Jury trial?**

**Answer:** Bench Trial

11. **Settlement.** Have there been settlement discussions? What are the prospects for settlement? Is referral to the Magistrate for mediation or other ADR mechanism appropriate?

**Answer:** Plaintiff has discussed settlement with MPI but received no reply. There is a good potential that this matter would settle prior to trial. Parties have discussed binding arbitration as a method of resolving matters and conserving resources but have not come to an agreement.

       MPI made a settlement offer shortly after the filing and anticipates making another offer shortly.

12. Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action.

**Answer:** None

- 5 -

The parties have conferred about each of the above matters and continue to confer about the matters.

No continuance of the conference will be granted except by order of the court upon application of counsel made seven (7) days before the date of the conference supported by a declaration stating the reasons for the request.

Respectfully submitted,

  */s/ Scott G. Wilcox*
James D. Heisman (# 2746)
Scott G. Wilcox (# 3882)
**CONNOLLY BOVE LODGE & HUTZ LLP**
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899
*Attorneys for Plaintiff*

  */s/ Harvey A. Levin*
Harvey A. Levin, Esq.
**BIRCH, HORTON, BITTNER & CHEROT**
1155 Connecticut Avenue, NW
Suite 1200
Washington, DC 20036
*Attorney for Defendants Chugach Support Services and Safeco Ins. Co.*

  */s/ Raymond M. Radulski*
Raymond M. Radulski (# 332)
1225 N. King Street
Suite 301
Wilmington, DE 19801
*Attorney for Defendant MPI Mechanical*

Dated:  June 26, 2006